The plaintiff has in its hands as trustee, under the provisions of a will, a tract of land in Stamford having one hundred and twenty feet frontage and a dwelling-house thereon, and a fund of $14,000. The trust is not fully executed and the trustee holds no other property of the estate. A fund of $1,500, left by the testator for the special purpose of paying the taxes which might be levied upon this real estate, and thereby keeping it free from encumbrance during the continuance of the trust, and of defraying the expense of insurance and necessary repairs during such period, has been exhausted. Already unpaid taxes, covering a period as far back as 1911, have accumulated, and the dwelling is sadly in need of repair. The trustee has no means at its command to use either in paying the taxes or in making repairs, without a resort to either the principal or income of the $14,000 fund or a sale of the portion of the real estate. In this situation it seeks the advice of the Superior Court as to the true construction of pertinent portions of the will, and as to its duty and powers in the premises under that construction.
As far as the real estate is concerned, it is apparent that the best interests of all parties concerned demand that all accrued and accruing taxes be paid, and the *Page 626 
property thus be kept free from lien and saved from danger of sequestration. In that way only can the manifest intent of the testator be effectuated, and his purpose saved from defeat. Those to whom the plaintiff is required by the terms of the will to accord the right of occupancy, even though that right were conditioned upon their defraying the expense of carrying the property, would be under no legal obligation to pay the taxes levied, as they presumably and properly were, against the trustee having the legal title and right of possession, and could not be made to do so. It is clear, therefore, that it is the plaintiff's duty as trustee to cause these taxes to be paid, if the means of accomplishing that end are at its command.
The situation, in so far as the insurance and necessary repairs are concerned, is somewhat different. The interest of the defendant Berges as trustee for the Evangelical Lutheran Church, and of that church ascestui que trust in having the house insured and preserved in habitable condition, is not, in view of the provisions of the will, so clearly apparent. The nephew and nieces, however, have such interest. Not only that, but under the peculiar terms and provisions of the will they are in a position to successfully claim that it was the testator's expressed purpose that they should have the use of the building as one fit for habitation without charge or expense to them, and that whatever charge or expense might be involved in so maintaining it should be borne by his estate in so far at least as the means to do so were available. The manner of his gift in their favor through the intervention of a trustee, the language used in making it, and the bequest to the trustee for the purpose of paying taxes, defraying the cost of insurance and necessary repairs and keeping the property free from encumbrance, when read together, indicate this. Thus the *Page 627 
plaintiff trustee's duty to make necessary repairs and maintain reasonable insurance is established, assuming, of course, that the means wherewith to perform it are within its reach.
The plaintiff's duty being established, the problem which the trustee has next to face concerns the ways and means. The nephew and nieces, as we have seen, are under no legal obligation to provide them. The same line of reasoning which establishes their right to the use and occupancy of the property in habitable condition without charge for the cost of necessary repairs, also establishes their freedom from moral obligation to do so. Mr. Berges, the trustee who is to receive property of the estate on behalf of the Evangelical Lutheran Church, is likewise free from that obligation. The plaintiff is thus compelled to look to the property of the estate in its hands, which is confined to the real estate and the $14,000 fund.
The latter fund is unmistakably devoted by the testator to the production of income to be paid over to surviving nephew and nieces. It was his evident intent that the fund, when accumulated to the amount specified, should be kept intact and its income enjoyed by them. They were made its beneficiaries, and any appropriation of its income or of its principal (thereby reducing the income) for the payment of taxes, or cost of insurance, or repairs, would be a withholding from them of what was their just due, and as far as the taxes were concerned a clear diversion from them for the benefit of those who are entitled to enjoy the property after they are gone.
Turning to the real estate itself, we find that the trustee is, by the twenty-second paragraph of the will, expressly authorized to sell, and by proper deed of conveyance to convey, any and all portions of the testator's estate. This power to sell and convey is not *Page 628 
one whose exercise is restricted to any emergency. It is unlimited. That it comprehends the real estate, and was intended so to do, is made evident by the testator's language giving authority not merely to sell, but to sell and convey by "proper deeds of conveyance." As the real estate in question was all that the testator owned, this language must have been used with reference to it, and with the purpose of empowering its alienation by the trustees. Authority so given implies authority to alienate at discretion. Bristol v. Austin,40 Conn. 438. Evidently, therefore, the testator's purpose, indicated in an earlier paragraph, of preserving it for the erection of a church thereon, was not the foremost one in his mind, nor his direction in that regard absolute and unyielding.
The power of sale is coupled with one to invest, reinvest and care for the proceeds. Quite likely the testator did not anticipate a contingency in which funds, in excess of those specifically provided for the purpose, would be needed to meet expenditures required to be made in furtherance of the best interests of his trust estate, and thought only of investment and reinvestment. But the power of sale as authorized having been exercised, and a portion of the property having been sold, the proceeds would form a part of the trust estate not devoted by the testator to a specific purpose, and available for use in the preservation of the trust property and the conduct of the trust in such a way as to effectuate the testator's intent to the fullest practicable extent.
Our conclusions render it unnecessary to consider the appeal which is made to § 1035 of the General Statutes in support of the authority of the Superior Court to order a sale.
We are of the opinion, therefore, and the Superior Court is advised: — *Page 629 
(1) That the plaintiff has ample power, under the provisions of the will, to sell and convey the northerly half of said premises as proposed, if in its judgment such course is, under existing circumstances, necessary or prudent in order that the testator's purpose, as expressed in his will, may be carried into effect to the fullest practicable extent and the best interests of the trust and of the beneficiaries thereunder be subserved.
(2) That it may use so much of the proceeds of such sale as may be required to pay the taxes already laid, or which may hereafter be laid, upon said real estate in its hands, and also so much thereof as may reasonably be necessary in order that the dwelling-house thereon may be kept reasonably insured and in a reasonably habitable condition; and
(3) That any unexpended balance of such proceeds should be held by it under the terms of the trust in lieu of property sold.
The Superior Court is further advised that it is the plaintiff's duty to continue to pay over the income of the $14,000 fund to the surviving nephew and nieces in the manner and the proportions stated in the twentieth paragraph of the testator's will.
 No costs in this court will be taxed in favor of any of the parties.
In this opinion the other judges concurred.